Filed 6/1/16  P. v. Tello CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>JESSICA TELLO,<br><br>        Defendant and Appellant. | B266581<br><br>(Los Angeles County<br>Super. Ct. No. BA428869) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michael Garcia, Judge.  Affirmed.

Julie Jakubik, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

————————————

## FACTUAL AND PROCEDURAL BACKGROUND

In 2014 Derek Cervantes was working as a security guard for Cedars-Sinai Medical Center in Los Angeles. On the morning of August 30, 2014 Cervantes discovered Jessica Tello in the employee parking structure. Tello was hitting and kicking a parked car owned by Sharon Galvis, a nurse practitioner at the medical center. There were multiple dents on the car. Cervantes told Tello to back away from the car, but Tello refused. She was angry and combative. Tello initially claimed the car was hers and the keys were inside her bag. After Cervantes detained her, Tello said the keys were on the floor of the car. Later, Tello insisted the car belonged to her boyfriend and he was bringing the keys. Cervantes escorted Tello to the emergency room, where she was admitted for a medical evaluation.

Galvis's car was undamaged when she arrived at the medical center and parked it in the structure on August 29, 2014. She did not know Tello. Because repairing the car would cost more than it was worth, Galvis elected to have her insurance company compensate her in the amount of $5,981.30, the current value of the car.

The People charged Tello with one count of vandalism resulting in damage over $400. (Pen. Code, § 594, subds. (a), (b)(1).) A jury convicted Tello of felony vandalism as charged. The trial court suspended imposition of sentence and placed Tello on five years of formal probation. Tello filed a timely notice of appeal.

## DISCUSSION

We appointed counsel to represent Tello on appeal. After an examination of the record, counsel filed an opening brief raising no issues. On February 24, 2016 we advised Tello she had 30 days to submit any arguments or raise any issues she wanted us to consider. We have not received a response.

We have examined the record and are satisfied appellate counsel for Tello has complied with her responsibilities and that there are no arguable issues. (*Smith v.*

2

*Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746, 145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

**DISPOSITION**

The judgment is affirmed.


SEGAL, J.


We concur:


PERLUSS, P. J.


BLUMENFELD, J. [*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.